affd., *sub nom. Wilson* v. *Webber,* 157 N. Y. 693; *Gifford* v. *Corrigan,* 117 id. 257; *Townsend* v. *Rackham,* 143 id. 516.)

It follows that judgment should be rendered in favor of the defendant in accordance with the terms of the submission, without costs.

WOODWARD, RICH and MILLER, JJ., concurred.

Judgment for the defendant in accordance with the terms of the submission, without costs.

---

In the Matter of the Application of MARY L. GRENDON, Appellant, for a Peremptory Writ of Mandamus Directing the BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent, to Hear and Determine Whether Her Alleged Resignation as a Teacher in the Public Schools of the City of New York, Dated September 20, 1903, Is Illegal and Void.

Second Department, July 24, 1906.

School — resignation of married teacher in city of New York — when resignation not induced by duress — mandamus refused — laches.

A teacher in the public schools of the city of New York who resigned upon her marriage in conformity with a by-law of the board of education, providing that the marriage of a female teacher shall vacate her position, cannot contend that the resignation was induced by duress, although the by-law is subsequently declared to be invalid by the courts. The Special Term in its discretion may deny a writ of mandamus to compel reinstatement under such circumstances.

Moreover, when the decision adjudging the by-law to be invalid was made two years before the application for mandamus, the same may be denied on the ground of laches.

APPEAL by the petitioner, Mary L. Grendon, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 2d day of March, 1906, denying the petitioner's motion for a peremptory writ of mandamus requiring the board of education of the city of New York to set a day in order to take proof and determine whether her resignation as public school teacher was her free act or was obtained by fraud and duress.

Second Department, July, 1906.        [Vol. 114.

*MacDonald De Witt* [*Clarence J. Shearn* with him on the brief], for the appellant.

*James D. Bell* [*William Hughes* and *John J. Delany* with him on the brief], for the respondent.

HIRSCHBERG, P. J.:

I do not think the court should interfere with the discretion exercised by the learned Special Term, in denying the petitioner's application.

She was duly appointed a public school teacher by the board of education of the then city of Brooklyn on April 12, 1892, and continued to perform her duties in that city and in the Greater New York after consolidation until her resignation in September, 1903. Since that time she has occasionally served as a substitute teacher. At the time of her appointment she was unmarried, but on July 30, 1903, she married. At that time the by-laws of the board of education of the city of New York provided in effect that the marriage of a female teacher vacated her position, and that she could be removed therefor. After the fact of her marriage was disclosed by her, her attention was called to the by-laws in this regard by the principal of the school in which she was teaching and also by the district superintendent, and upon their assurance that it would be necessary for her to resign, she did resign as already stated. I do not think that the record shows that any duress or coercion was exercised in order to induce her to resign. It is well known that it was a common custom of married teachers to resign upon their marriage, in obedience to the by-laws, and voluntary obedience to the rules and regulations, whether lawful or otherwise, cannot be regarded as duress in a legal sense.

In February, 1904, the Court of Appeals, in *People ex rel. Murphy* v. *Maxwell* (177 N. Y. 494), held that the regulation in question was illegal and void, and on the 28th of December, 1905, the petitioner applied to the board of education to revoke its acceptance of her resignation and to reinstate her as a teacher. This not having been done, she made the petition for a mandamus, the order denying which is now under review, such petition being verified January 29, 1906. No sufficient excuse appears in the record for the long delay in the institution of this proceeding after

the decision of the Court of Appeals, and were there no other ground for denying the petitioner's application, the denial would be justified by her laches.

In view of the many cases of resignations and the time which has elapsed, it would greatly embarrass the authorities of the city who have charge of public education, if all who have resigned could be reinstated upon the mere suggestion that in resigning as teachers they did so upon the assurance of their superiors that they could be forced out of their places by virtue of the by-laws, and that such assurance constituted legal duress.

The order should be affirmed, but I advise, under the circumstances, that it be without costs.

WOODWARD, JENKS, HOOKER and MILLER, JJ., concurred.

Order affirmed, without costs.