[Civ. No. 6098. Second Appellate District, Division One.—January 26, 1931.]

JOHN F. ANDERSON, Respondent, v. CHARLES G. SCRANTON et al., Appellants.

Everett W. Mattoon, County Counsel, and Gordon Boller, Deputy County Counsel, for Appellants.

Fall & Fall for Respondent.

CONREY, P. J.—Respondent by his petition alleged facts showing that he had been first employed as a probationary teacher of the elementary grades in Lugo Elementary School District and had continued in that employment from the seventh day of August, 1924, until May 31, 1926, when he was re-employed as a permanent teacher for the next ensuing school year, to wit: September 13, 1926, to June, 1927, and under this employment did teach in this school throughout the school year. Petitioner further alleged that by virtue of the facts above stated, and by virtue of the laws of the state of California and particularly section 1609 of the Political Code, commonly known as the Teachers' Tenure Law, he became and was a permanent teacher in said Lugo School District, and by virtue thereof, was deemed employed in said district until legally discharged or resigned. The foregoing facts are not only alleged but are conceded to be true.

Petitioner further alleged facts which in substance are to the effect that on May 26, 1927, the board of trustees without the presentation of any charges against him in relation to any of the matters set forth in section 1609 of the Political Code, and without any public hearing or any opportunity to be heard, attempted to discharge him from service and by its

secretary notified him in writing as follows: "At a meeting of the Board of Trustees of the Lugo School Dist. on May 26, 1927, the Secretary was ordered to express the appreciation of the Board for your past work and to inform you that your services for the coming year would not be needed as it is found necessary to obtain some one who can handle the physical education as well as the sloyd work."

Petitioner further alleged that he has not resigned from his said employment, nor has the board of trustees found it necessary to decrease the number of permanent teachers employed by the school district on account of the decrease of the number of pupils attending, nor on account of the discontinuance of the particular kind of teaching service such as petitioner was engaged in in said district. The last-mentioned negative statements have relation to those grounds of removal of a teacher which are permitted without the filing of charges under the terms of said section 1609 of the Political Code, and in force at the time of said action taken by the board in May, 1927. In this case we are not concerned with the fact that said section was again amended in 1927 (Stats. 1927, p. 1913), nor with the fact that the provisions of the Political Code on this subject have been superseded by the school code adopted in the year 1929.

Defendants having answered the petition the proceeding was brought to trial, and, pursuant to findings duly made, the court entered its judgment granting a peremptory writ of mandate, which requires that defendants reinstate the petitioner and pay his accrued salary. The defendants appeal from the judgment. The grounds of appeal as stated in the brief are: That the petitioner was not discharged but, on the contrary, his contract of employment was terminated by mutual consent; that petitioner did not voluntarily terminate his employment, but by his conduct was estopped to deny a voluntary termination; that petitioner waived his right to a formal dismissal under the Teachers' Tenure Act; that the board of trustees discontinued the particular kind of service rendered by petitioner and therefore might dismiss him without filing charges or holding a hearing; that petitioner has not been dismissed, but has merely been granted a vacation for a year without pay, pursuant to the right reserved in the contract; that the writ of *mandamus* does not lie in this case; that the judgment is erroneous in

ordering payment of salary when the services have not been rendered.

■ The evidence is sufficient to sustain the finding that petitioner was discharged, and such discharge was in violation of the provisions of said section 1609 of the Political Code. In that section, in addition to the grounds of dismissal upon charges after a hearing thereon, it is provided "that whenever it becomes necessary to decrease the number of permanent teachers employed by a school district on account of the decrease in the number of pupils attending the schools of such district, or on account of the discontinuance of a particular kind of teaching service in such district, the governing board may dismiss such teacher or teachers at the close of the school year". ■ There is no evidence that either of these conditions existed. The excuse offered was that it was found necessary to "obtain someone who can handle the physical education as well as the sloyd work". It thus appears that the sloyd work (which seems to have been the actual employment of petitioner) was to be continued in the school. In fact the board proceeded to employ another teacher of sloyd together with physical education. It is a fact shown by the evidence, although perhaps not material here, that petitioner was qualified as a teacher not only for sloyd but as a teacher in physical education work. It was stipulated at the trial that the certificate of petitioner on file in the county superintendent's office is sufficient to enable him to teach all subjects in the schools of California, and so far as the records go, he is entitled to teach every subject.

■ The answer of the defendants alleged that neither upon receipt of notice given him in May, 1927, nor at any time prior to October, 1927, did petitioner protest against his dismissal or raise any objection thereto, but, on the contrary, petitioner at all times prior to the twenty-fourth day of October, 1927, consented to and acquiesced in his dismissal and intended respondents to rely upon his acquiescence; that respondents did so rely and act thereon and before the commencement of the school term in September, 1927, duly employed another teacher to fill petitioner's place and do his school work for the school year; that their action in so employing a successor was a direct result of petitioner's consent and acquiescence, and that petitioner is by his said consent

estopped to deny that he is legally discharged. Upon this paragraph of the answer the court made no finding, and it is now contended by appellants that without a finding thereon the judgment cannot be sustained. We are of the opinion that under the evidence such finding if made would have been in favor of the petitioner, and if it were deemed necessary we would make that finding now. ■ While the status of petitioner as a permanent teacher originated in contract, together with service under those contracts, it also appears that thereafter petitioner had been regularly classified and employed as a permanent teacher. Thereafter, by virtue of the statute, he was entitled to continue in the service as a permanent teacher unless and until some condition should arise which, under the provisions of the law, would authorize his dismissal. (*Saxton* v. *Board of Education*, 206 Cal. 758 [276 Pac. 998].)

Since it thus appears that at the time of his dismissal by the respondent, the petitioner was in possession of a right created by statute, and the term for which such position might be held was fixed by that statute, we think that the rule of estoppel relied upon by appellants has no application to the case. If in fact respondent without proper excuse failed to report for work at the opening of the school term, and if in that or any other way he was guilty of any misconduct which would justify his removal, the statute provides an appropriate proceeding whereby, after due notice and hearing, he might have been dismissed. But the board chose to stand upon the attempted dismissal, and respondent is entitled to have his rights determined directly upon the issue thus presented.

■ There is no merit in the claim of appellant that respondent was merely granted a vacation. He never asked for a vacation, and there is nothing in the proceedings of the board which can fairly be interpreted as having anything to do with a vacation.

The judgment is affirmed.

Houser, J., and York, J., concurred.