ALINE S. WALKER, PROSECUTRIX, v. THE BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF WILDWOOD, COUNTY OF CAPE MAY, STATE OF NEW JERSEY, DEFENDANT.

MARY McKERIHAN, PROSECUTRIX, v. THE BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF WILDWOOD, COUNTY OF CAPE MAY, STATE OF NEW JERSEY, DEFENDANT.

Submitted May 23, 1937—Decided May 19, 1938.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutrices, *Merritt Lane*.

For the defendant, *Harry Tenenbaum*.

PER CURIAM.

The controversies here were originally presented to this court on applications for writs of *mandamus* commanding the defendant board to reinstate prosecutrices to the respective

teaching positions from which the state commissioner of education, affirmed by the State Board of Education, found they had been illegally removed, and to pay to them their accrued salaries for the period subsequent to their removal. Peremptory writs were awarded commanding the payment of salaries for the period intervening between their respective removals, pursuant to the resolutions vacated by the commissioner of education and the subsequent resolutions adopted in September, 1935 (following their reinstatement), again abolishing the positions for asserted reasons of economy; and, as to the latter resolutions, it was held that, until there had been an adjudication of invalidity on *certiorari*, *mandamus* could not be invoked to restore prosecutrices to their respective positions. The resolutions were thereupon brought up for review on *certiorari*.

Invoking the rule enunciated by this court in *Smith* v. *Carly*, 15 *N. J. Mis. R.* 143, the defendant board moved to quash the writs of *certiorari* on the ground that these prosecutrices voluntarily surrendered their positions, in that McKerihan withdrew her accumulated savings in the teachers' pension and annuity fund, while both prosecutrices failed to make their statutory contributions to the fund for a period of more than two years, and are therefore estopped from challenging the validity of the resolutions under review. The cited case was pending in the Court of Errors and Appeals; and the decision of the instant cases was deferred until the disposition of the appeal. The judgment was affirmed on April 29th, 1938, but not for the reasons expressed in the opinion of the Supreme Court. 120 *N. J. L.* 335. It was held that the teacher's withdrawal, under similar circumstances, of the full amount due her from the pension fund, and the discontinuance of her contributions to the fund as required by the statute, did not constitute an automatic surrender of her teaching status. The instant cases are ruled by the principle so declared; and the motions to quash the writs of *certiorari* must therefore be denied.

As to the meritorious question, we have reached the conclusion that there is an utter lack of substance in the defend-

ant board's contention that the resolutions under review were designed in good faith to effect an abolition of the teaching positions held by prosecutrices for reasons of economy. The evidence demonstrates that the real object was the frustration of the judgment of the State Board of Education, holding that the local board's claim of a consolidation of classes to effect economy was a mere pretext to justify the dismissal of these teachers in violation of their tenure rights, and that their positions were not in fact abolished. The challenged action was taken shortly after the reinstatement of the teachers in accordance with the judgment of the State Board of Education. The testimony of the local superintendent of education and the members of the board who were called as witnesses leaves no doubt that the real object was the effectuation of the policy first declared, *i. e.,* the dismissal of married teachers to make their positions available for unmarried resident teachers. The proofs afford no basis for a finding that economy through the reduction of the teaching staff was the motive.

The resolutions under review are accordingly vacated, with costs.