448

## UNITED STATES ex rel. CROMWELL v. DOYLE et al.

### No. 7105.

United States Court of Appeals for the District of Columbia.

Decided Sept. 26, 1938.

Rehearing Denied Oct. 13, 1938.

James A. Cobb, Perry W. Howard, and George E. C. Hayes, all of Washington, D. C., for appellant.

Elwood Seal, Corp. Counsel, Vernon E. West, Chief Asst. Corp. Counsel, and Thomas Gillespie Walsh, Asst. Corp. Counsel, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

'PER CURIAM.

Appellant petitioned for a writ of mandamus, directed to the Board of Education and the Superintendent and Assistant Superintendent of Schools, to compel his appointment as a teacher in the public schools of the District of Columbia. Appellees answered; and appellant filed a replication, to which appellees demurred, and a joinder of issue, which appellees moved to strike out. The District Court upon hearing sustained the demurrer, granted the motion to strike, and dismissed the petition.

Appellant had taught in the schools for some years, and had been rated an excellent teacher. He resigned, and later applied for reappointment. The rules of the Board of Education, which we have held have the force of law,[1] entitled him to reappointment. A necessary step in the process was the written recommendation of the Superintendent of Schools.[2] It was therefore the Superintendent's duty to recommend appellant's appointment.[3] This the Superintendent, on April 26, 1933, arbitrarily refused to do; and the Board of Education immediately acquiesced in his refusal.

Unfortunately appellant's petition for mandamus was not filed until October 31, 1935. We can find no justification for this delay of two and one-half years. In United States ex rel. Arant v. Lane[4] we held that a delay of 21 or 22 months was fatal to an ousted officeholder's demand for reinstatement. That decision was affirmed by the Supreme Court.[5] We have recently held the same thing with respect to a delay of 18 months.[6] As the Supreme Court said in the Arant Case, "When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights * * *."[7] We cannot regard action after 30 months as prompt. We therefore conclude that petitioner is barred by laches.

Affirmed.

---

[1] United States ex rel. Denney v. Callahan, 54 App.D.C. 61, 294 F. 992.

[2] 34 Stat. 316, Sec. 2, as amended by 45 Stat. 1139, D.C.Code 1929, T. 7, § 1 et seq.

[3] United States ex rel. Denney v. Callahan, supra.

[4] 47 App.D.C. 336.

[5] 249 U.S. 367, 39 S.Ct. 293, 294, 63 L.Ed. 650.

[6] Leander H. Caswell v. Henry Morgenthau et al., 69 App.D.C. 17, 98 F.2d 296.

[7] 249 U.S. 367, 372, 39 S.Ct. 293, 63 L. Ed. 650.