LAND, Justice.
 

 This is a suit by Mrs. Salome Kundert, wife of Alvin Covell, against the Jefferson Parish School Board to be reinstated in her position as a “permanent teacher” of respondent Board, and to compel the Board to restore and pay to her the salary to which relator was entitled as a tenth year teacher under the Board’s schedule of salaries, namely, the sum of $1,170 per session of ten months, with interest from judicial demand, the salary to be computed from September 7, 1937, and to continue until the reinstatement of relator has been accomplished.
 

 In answer to relator’s demand, respondent School Board pleaded an exception of no right or cause of action, and that relator had been guilty of laches, which now estop her from making any claim against the School Board.
 

 In his written opinion in this case, the trial Judge relied upon the Calamari and McMurray Cases, State ex rel. Calamari v. Orleans Parish School Board, 189 La. 488, 179 So. 830, and State ex rel. McMurray v. Orleans Parish School Board, 189 La. 502, 179 So. 834, in maintaining the plea of laches tendered by respondent School Board, and dismissed relator’s suit at her costs. From this judgment relator has appealed.
 

 (1) In our opinion, the facts in the cited cases are different from the facts of the case at bar. In both of these cases, relators were married and resigned as public school teachers. Subsequently finding out that they had a right to their positions under the Teachers’ Tenure Act, Act 58 of 1936, Mrs. Calamari attempted to withdraw her resignation and asked to be reinstated in accordance with the provisions of that act. However, she took no action, until nearly a year thereafter.
 

 In the McMurray Case, practically the same thing happened, and an attempt was made to rescind the resignation, but the relator in that case did not file her suit until more than a year after she had tendered her resignation, and her reinstatement was refused by this court.
 

 Instead of timely contesting the resolution of the Orleans Parish School Board against retaining married teachers in service, relators in the Calamari and .McMurray Cases tendered' their resignations,
 
 *105
 
 thereby leaving their positions as teachers in the public schools for the Parish of Orleans vacant at the outset, and compelling the School Board, as a matter of public necessity, to fill these vacancies by appointment of newly employed teachers. The acceptance of the resignations of Mrs. Calamari and Mrs. McMurray by the School Board for the Parish of Orleans put an end to the tenure of the positions of relators as teachers in the public schools of the Parish of Orleans, by their own voluntary acts, with the right, however, to have contested the resolution of the School Board later and within a reasonable time.
 

 In the Calamari and McMurray Cases, this court correctly maintained the pleas of laches, on the ground of unreasonable delay and acquiescence by relators in the action of the School Board.
 

 (2) But, in the case at bar it is admitted that relator is “a permanent teacher” in the public schools of the Parish of Jefferson, within the contemplation of Act 58 of 1936, the Teachers’ Tenure Act.
 

 It is provided in this Act that:
 

 “No permanent teacher shall be removed from office except upon written and signed charges of wilful neglect of duty, or of incompetency, or dishonesty, and then only if found guilty after a hearing by the school board of that parish in which the teacher is employed; which hearing, at the option of said teacher, may be private or public. Said teacher shall be furnished by said school board, at least fifteen days in advance of the date of said hearing, with a copy of the written charges. Said teacher shall have the right to appear before said board at said hearing with witnesses in his behalf, and with counsel of his selection, all of whom shall be heard at said board at said hearing; provided further, that it is not the intent of this act to impair the right of appeal to the court of appropriate jurisdiction.”
 

 Relator is conceded to be a competent teacher. She began teaching in the public schools of Jefferson Parish in September, 1928. She is a graduate of Newcomb College with a Bachelor of Arts Degree, and holds a Louisiana State Teacher’s Certificate, which qualifies her to teach in the public schools of the State. Relator has taught for nine years in the public schools of Jefferson Parish. Had she taught for the session of 1937-1938, it would have been for the tenth year. She had been reappointed to her position from year to year, and taught the entire session of 1936-37. She was married July 3, 1937, On July 7, 1937, she was reappointed to her same position in McDonogh No. 26 School, by resolution unanimously adopted by the School Board as a teacher for the year 1937-1938. But on July 16, 1937, the School Board passed by unanimous vote a resolution:
 

 “That the name of Miss Aimee Toups be substituted for Miss Salome Kundert in McDonogh School No. 26.”
 

 Relator was dismissed upon the sole ground that the Jefferson Parish School Board had adopted a resolution providing that any female teacher • employed in the public schools of Jefferson Parish auto
 
 *107
 
 matically terminates her employment upon marriage.
 

 Marriage is not one of the statutory grounds upon which relator,
 
 “a
 
 permanent teacher,” can be removed under Act 58 of 1936, the Teachers’ Tenure Law of this State.
 

 Besides, no written notice of any charges were given to relator. No written charges on any statutory ground were preferred against her. No hearing was had, with opportunity to her to appear through counsel and with witnesses in her behalf, as provided by Act 58 of 1936, the Teachers' Tenure Law.
 

 Manifestly, the resolution of the Jefferson Parish School Board dismissing relator,
 
 “a
 
 permanent teacher”, was adopted without due process of law, in direct contravention of a mandatory statute of this State prescribing such process. Such resolution is, therefore, null and void and of no legal effect whatever. Necessarily, such resolution did not affect, in the least, the fixed status and tenure of relator as
 
 “a
 
 permanent teacher”, nor the salary due her as such. Nor did such resolution confer upon the Jefferson Parish School Board any legal right or valid authority whatever to name and appoint a teacher 'in the public schools of Jefferson Parish in the place and stead of relator.
 

 The testimony of relator shows that she applied to the officers of the Jefferson Parish School Board, for reinstatement the day after school opened in September, 1937'; and to certain officials of the School Board on subsequent dates shortly thereafter.
 

 But the trial judge was of the opinion that plaintiff had to appear personally before the School Board of Jefferson Parish. The record shows that immediately upon being advised that her position had been filled by another teacher, she appealed to Superintendent and several members of the Jefferson Parish School Board and also the Superintendent of Education who addressed a letter to the School Board of Jefferson Parish and its Superintendent, advising them that a female teacher employed in public schools is not automatically discharged upon her marriage.
 

 Under the facts of this case, as disclosed by the record, it is very clear that such a procedure upon the part of plaintiff would have been a vain effort, as shown by the opinion in State ex rel. Exnicios v. Board of Commissioners of the Port of New Orleans, 153 La. 705, 96 So. 539.
 

 “The delay in filing his suit did not, therefore, prejudice in any way respondent board, whose liability in this case has arisen, not from any laches upon the part of relator, but from the illegal act of respondent board itself in dismissing relator from his position, in violation of the provisions of Act 15 of the extra session of the Legislature of the year 1915.” Page 709, 96 So. page 540.
 

 See, also, State ex rel. Caire v. Board of Port Commissioners of the Port of New Orleans, 174 La. 516, 141 So. 466, also holding that Civil Service employees of Dock Board, under Act No. 15 of the extra session of 1915, held their offices or employment during their good behavior and could not be removed except on charges
 
 *109
 
 preferred against them and proven contradictorily with them.
 

 So, in the case at bar, the liability of respondent school board has arisen, not from any laches of relator, but from the illegal act of' respondent board itself, in dismissing relator from her position, in violation of Act 58 of 1936, the Teachers’ Tenure Law, without written notice, without written charges, and without hearing, and that too upon a charge not included in the statutory grounds upon which relator, as “a permanent teacher,” could be dismissed.
 

 It is clear from the facts of this case that relator never acquiesced in, nor assented to her dismissal by respondent School Board, but sought a peaceful settlement of the controversy from the very beginning, continuously and persistently.
 

 After waiting a reasonable time for favorable action by the School Board, following its receipt of the letter from the State Superintendent of date February 15, 1938, and, no such action having been taken by the Board, relator filed her suit for reinstatement and for salary on March 14, 1938, or eight months after her discharge.
 

 In State ex rel. Pepper v. Sewerage & Water Board, 177 La. 740, 149 So. 441, the employee was discharged, after written notice, April 30, 1931, and filed suit February 11, 1932. In that case it was said as stated in Syllabus 3 of the decision: “Municipal employee held not chargeable with laches though filing suit for reinstatement over nine months after discharge; employee having theretofore promptly sought reinstatement through personal efforts and counsel.”
 

 In the above cited case, after stating “there is and can be no fixed rule for determining what constitutes prompt action on the part of an aggrieved public employee to effectively assert his rights,” the court said: “Each case must depend upon its own peculiar facts. The question is one that calls for the exercise by the court of its sound discretion.”
 

 In our opinion relator is entitled, under the facts of this case, to be reinstated as “a permanent teacher” in the public schools of Jefferson Parish and to be paid her back salary.
 

 At the time of her dismissal, July 16, 1937, relator had taught continuously for nine years. Had relator been reinstated for the session of 1937-1938, beginning September 7, 1937, her salary for ten months would have been $1,170. See testimony of Superintendent, Transcript, 35.
 

 The session of 1937-1938 ended in June, 1938, and the session 1938-1939 commenced in September, 1938. Relator, accordingly, is entitled to recover the whole of her salary of $1,170 for the session of 1937-1938, and also her salary for the months of September and October, 1938, and for each month thereafter, until her reinstatement has been accomplished.
 

 For the reasons assigned, it is ordered that relator, Mrs. Salome Kundert, wife of Alvin Coveil, be reinstated by respondent board into her position as a regular and permanent teacher and employee of the Parish School Board of Jefferson Parish,
 
 *111
 
 as of the beginning of the. school term of September 7, 1937, at a salary of $1,170, effective and commencing at the beginning of said school term, September 7, 1937, and ’ continuing until the reinstatement of relator has been accomplished.
 

 And it is further ordered that relator recover of respondent board her salary of $1,170 for the school term of 1937-1938, and for the months of September and October of the school term 1938-1939, and for each month thereafter, until her reinstatement has been accomplished, with legal interest from judicial demand from September 7, 1937, until paid, and all costs of this suit.
 

 ROGERS, J., absent.