## READ v. UNION PARISH SCHOOL BOARD.

### No. 5714.

Court of Appeal of Louisiana. Second Circuit.

Dec. 9, 1938.

T. C. Bergeron, of Farmerville, for appellant.

Scarborough & Barham, of Ruston, for appellee.

TALIAFERRO, Judge.

Mrs. Paul Leslie Read, plaintiff herein, is the holder of certificates from the Department of Education of this State which evidence her competency to teach in the high schools therein. She taught in the Farmerville High School of Union Parish for the twelve consecutive school terms ending with that of 1936–37. She was therefore a "permanent" teacher of the parish under the plain terms of Act No. 58 of 1936, known as the Teacher Tenure Act. The department of education of Union Parish experienced material changes in 1937, including its official personnel, resulting in the refusal by the school authorities, without legal cause, to give several worthy teachers further employment, including Mrs. Read. She promptly instituted this suit to compel the school board to recognize her rights as a permanent teacher and employee of the parish and to be placed on the payroll as such; and to recover judgment against said board for the salary she would have been entitled to had she been retained by it as a teacher in the position previously held by her.

In opposition to plaintiff's suit and demands, the school board made the same pleas and urged the same defenses as was done in the case of Inez Andrews against it, viz.: (1) That plaintiff had never been legally employed as a teacher in the parish; (2) that, if so employed, she had been legally discharged as such during the probationary period fixed by the Teacher Tenure Act. Other defenses urged were abandoned.

The lower court, as was done by it in the Inez Andrews case, rejected the defenses urged by the school board and gave judgment for plaintiff as by her prayed for. Defendant appealed.

Inasmuch as the pleadings, the issues and testimony in the present case are virtually identical with those in the Andrews case, we deem it appropriate to not encumber this opinion with an analysis of said pleadings, issues and testimony beyond that above given. The final judgment in the Andrews case is decisive of the instant one.

In the Andrews case defendant prosecuted appeal to this court. After due hearing the lower court's judgment was affirmed on June 1, 1938. Andrews v. Union Parish School Board, La.App., 184 So. 574. Un-

der writ of review, the Supreme Court considered and passed on the case. The judgment of this court, under review, was affirmed on October 31, 1938. La.Sup., 184 So. 552. It is now final.

For the reasons herein and in the Andrews case assigned, the judgment appealed from is affirmed with costs.