40 So.2d 697

**FAIRCLOTH v. FOLMAR et àl.**

4 Div. 541.

Supreme Court of Alabama.
May 13, 1949.

Richard T. Rives and John C. Godbold, of Montgomery, and John C. Walters, of Troy, for appellant.

224

Oliver Brantley, of Troy, for appellees.

FOSTER, Justice.

This is a petition filed in the circuit court by appellant seeking a mandamus directed to the members of the Pike County Board of Education to require them to restore her to the roll of teachers in the county schools, and for general relief.

The respondents demurred to the petition. The demurrer was sustained and she declined to amend further, resulting in a judgment dismissing her petition, from which she appeals to this Court.

The demurrer raises two points: (1) that she does not show that she is entitled to be reinstated since she lost her standing by declining to accept the position at the Sessions School, and (2) that since this petition was not filed until August 3, 1948, she lost her right to mandamus by laches.

She alleges that prior to September 1947, she had served under contract as a teacher in the Pike County system for more than four consecutive years and, therefore, had attained a status of continuing service under Title 52, section 352, Code, and did so teach for the school year 1946-7 in said school system. That on April 8, 1947, she received a letter from the Pike County Board of Education, with a copy of a feature of the minutes of said board, to the effect in substance that the contract of all teachers for the year 1946-7 be terminated at the end of that year, June 30, 1947, and that in renewing contracts for 1947-1948, salaries will be in accordance with the State salary schedule for such salaries with such increases as may be

made possible by available funds. This was the only written notice she ever received terminating her services as a teacher in said county schools. But in June 1947 she received a form letter from the acting superintendent to all teachers inquiring if she would be available as a teacher for the school year 1947-1948. To this she promptly replied she could be counted on to teach for that year, preferably in another school as she did not want to be a principal. She received a letter from the county superintendent July 15, 1947, calling for a conference with her. She does not allege that there was such a conference. She then received a letter dated August 8, 1948, placing her as a teacher in the Sessions School, and requesting information as to whether she accepted the position. She alleges that she lived twenty-two miles south of Troy in a home which she and her husband owned at Terentum, and taught in the school there, and that the Sessions School is ten miles north of Troy, making it very burdensome to teach at such a distance from her home. So that on August 11, 1947, she wrote the county superintendent that she was sorry she could not accept the place as teacher in the Sessions School, but would appreciate a more convenient transfer. To this she received no reply, but that in September 1947, "she requested the board to assign her in Pike County, but the board informed her that the Sessions place had been filled and that they considered since she didn't accept it that her rights were terminated." She waives a right to salary for the year 1947-8, and alleges that her main purpose is to be reinstated under the Tenure Act.

■ Being in continuing service status, section 357, Title 52, Code, provides the only manner in which an employment contract with such a teacher may be cancelled against her will, Whittington v. Barbour County Board of Education, 250 Ala. 692, 36 So.2d 83; State of Indiana ex rel. Anderson v. Brand, 303 U.S. 95, 58 S.Ct. 443, 82 L.Ed. 685, 113 A.L.R. 1482; State ex rel. Steele v. Board of Education of Fairfield, Ala.Sup., 40 So.2d 689.

The only grounds on which her contract may be cancelled by the board are set forth in Title 52, section 356, Code. Any other ground is beside the question. And no ground there specified justifies a cancellation of her contract except pursuant to the procedure set out in section 357, Title 52.

■ Her own right to resign is restricted by section 359, Title 52. She did nothing which should be held to be sufficient to classify her contract as a resignation under that statute. She did not resign by virtue of her letter of August 11, 1947. It is far from a resignation. She thought she had good reason for not accepting the position at Sessions without terminating her status of continuing service, and requested a more convenient transfer. She did not demand it. If her reason for not accepting the Sessions School was not satisfactory the board had no right to cancel her contract summarily. But section 357, supra, furnished the only procedure to that end.

■ We are here construing our own statutes. They seem to be in the language of the Indiana statute considered in State of Indiana ex rel. Anderson v. Brand, supra. It was there held that the contract is protected by section 10, Article 1 of the United States Constitution, and so it would be by section 22 of our Constitution. Of course the statutes on the subject then in existence are a part of the contract. Board of School Com'rs v. Hahn, 246 Ala. 662 (5), 22 So.2d 91. The causes for terminating her contract there enumerated are exclusive of all other causes. 47 Am. Jur. 396, section 139; School City of Elwood v. State, 203 Ind. 626, 180 N.E. 471, 81 A.L.R. 1027; Stiver v. State, 211 Ind. 380, 1 N.E.2d 1006.

On the allegations of her petition she is due to be restored to her status of continuing service on the roll of county teachers, unless she has lost that right by laches.

### Laches.

She was apprised of the action of the board in September 1947, after the beginning of the school term. She filed this petition August 3, 1948, seeking no retroactive effect.

In the cases in this State where laches was held to bar the claim, it was either a

long and unexplained delay, or related to procedural matter where mandamus could then serve no useful purpose, or there were other circumstances to support the claim that it would work unusual and undue hardship to grant the writ.

The question applicable to mandamus is discussed in State ex rel. Phillips v. Benners, 172 Ala. 168, 55 So. 298, 301, in which it was said: "There is a clearly defined distinction between the assertion of a substantial and independent right, and the control of a more dependent rule of practice or mode of procedure, however advantageous it may be to a party litigant. * * * In the latter case there is every reason why one who complains should not delay his application for relief. He should be vigilant to know his rights, and diligent to prevent their abuse."

In the case of Ex parte State ex rel. Denson, 248 Ala. 161, 26 So.2d 563, it was held that an unexcused delay for seven months in petitioning for mandamus to review an interlocutory order of a probate court during which delay a new probate judge had taken office was unduly delayed, declaring that if the right to relief is doubtful because of unreasonable delay in asserting same, the action of the court in denying the petition will not be reversed.

In Folmar v. Brantley, 238 Ala. 681, 193 So. 122, the petition was for mandamus to compel the court of county commissioners to file condemnation for an easement for a highway appropriated by the county, after fourteen years from the time it was appropriated, showed no excuse for the delay, approving and applying the following principle taken from Banks v. Mobley, 4 Ala.App. 510, 58 So. 745: "And where the relator had slept upon his rights for an unreasonable length of time, and the legal right is doubtful because of the application of the doctrine of laches, the facts having become obscured and the performance of the act required necessitating the determination of disputed questions, the court may properly exercise a discretion in refusing the application, taking into consideration the statute of limitations in analogous civil actions." [238

Ala. 681, 193 So. 126] See, also, Courson v. Tollison, 226 Ala. 530, 147 So. 635; Ussery v. Darrow, 238 Ala. 67, 188 So. 885.

We have here the assertion of a substantial and independent right, and not a rule of practice or interlocutory order, and it does not appear from the face of the petition that the right has become doubtful or in any manner affected or obscured by the delay of ten months, or that injury would result from it since there is no interim change alleged in the substantive rights of any one, nor death of a witness, or loss of evidence, and no disputed question has become obscured by the delay, and no injustice may in anywise result from it, so far as it appears.

Petitioner does not allege that she had information that a teacher had been employed in her place, but only that the Sessions place had been filled. This was in September 1947, and there is no allegation that the board did anything after that time before this suit was filed which would be prejudicial by the delay of ten months before instituting this suit.

Several states have considered the matter of laches applicable to such a proceeding as this. In the following cases it was held not to be thus barred. State ex rel. Rhodes v. Board of Education, 95 W.Va. 57, 120 S.E. 183; Haas v. Holder, 218 Ind. 263, 32 N.E.2d 590; Andrews v. Union Parish School Board, 191 La. 90, 184 So. 552; Anderson v. Scranton, 111 Cal.App. 322, 295 P. 544; Walker v. Board of Education, 120 N.J.L. 408, 199 A. 392; State ex rel. Kundert v. Jefferson Parish School Board, 191 La. 102, 184 So. 555.

The following cases contain circumstances justifying an application of laches. People ex rel. McCoy v. McCahey, 296 Ill.App. 310, 15 N.E.2d 988; Williams v. Livingston Parish School Board, La.App., 191 So. 143; In re Grendon, 114 App.Div. 759, 100 N.Y.S. 253; United States ex rel. Cromwell v. Doyle, 69 App.D.C. 215, 99 F. 2d 448; State ex rel. McMurray v. Orleans Parish School Board, 189 La. 502, 179 So. 834; State ex rel. Calamari v. Orleans Parish School Board, 189 La. 488, 179 So.

830; Fontenot v. Evangeline Parish School Board, La.App., 185 So. 104. See, also, 145 A.L.R. 787, et seq.

The cases demonstrate the idea that there is no hard and fast rule applicable to such a situation.

But for a petition to be subject to demurrer on the ground of laches, it must so affirmatively appear upon its face. Ingram v. People's Finance & Thrift Co., 226 Ala. 317, 146 So. 822; Mullen v. First National Bank, 226 Ala. 305, 146 So. 802; Burns v. Austin, 225 Ala. 421, 143 So. 824; Ussery v. Darrow, 238 Ala. 67, 188 So. 885.

As we have stated, the petition does not show on its face that the rule of laches should be applied, and that it was subject to demurrer on that ground. The judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

BROWN, LAWSON and STAKELY, JJ., concur.