**Frank J. RUSSELL, Plaintiff,**

v.

**Charles THOMAS, as Secretary of the Navy, Captain M. J. West, as Commanding Officer, United States Naval Station, San Diego, et al., Defendants.**

**No. 1659–SD.**

United States District Court,
S. D. California, Southern Division.

March 23, 1955.

Donald M. McMillan, San Diego, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, and Andrew J. Davis, Asst. U. S. Attys., Los Angeles, Cal., for defendant.

HALL, District Judge.

The complaint is for declaratory relief.

It is predicated upon the alleged wrongful discharge of the plaintiff in September or October, 1951. The precise date upon which the plaintiff claims he was finally separated from service as a Civil Service employee of the United States Navy is not clear from the complaint. It appears that he was suspended on September 13, 1951, which suspension was thereafter made permanent by separation.

The defendants have filed a motion to dismiss on the ground that the Court lacks jurisdiction of the defendant, Charles Thomas, as Secretary of the Navy of the United States, and on the ground that the complaint fails to state a cause of action for the reason that it appears from the face of the complaint that plaintiff is guilty of laches.

■ While Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that laches shall be set forth as an affirmative defense, nevertheless where the elements of laches are apparent on the face of the complaint, it may

be asserted on a motion to dismiss for failure to state a claim upon which relief can be granted. Sullivan v. Portland & K. R. Co., 1876, 94 U.S. 806, 24 L.Ed. 324; United States v. Kusche, D.C., 1944, 56 F.Supp. 201. And it is to be noted under Rule 12(b), Federal Rules of Civil Procedure, that failure to state a claim upon which relief can be granted may be raised by motion.

From the face of the complaint three years elapsed between the time of plaintiff's discharge and the filing of the instant suit. This is sufficient to constitute laches. U. S. ex rel. Arant v. Lane, 249 U.S. 367, 39 S.Ct. 293, 63 L.Ed. 650 (the Court held that a 20 months delay by a public official in seeking to be reinstated for wrongful discharge constituted laches); Nicholas v. United States, 257 U.S. 71, 42 S.Ct. 7, 66 L.Ed. 133 (three years was held to constitute laches); Norris v. United States, 257 U.S. 77, 42 S.Ct. 9, 66 L.Ed. 136 (11 months was held to bar the action on the ground of laches); Caswell v. Morgenthau, 69 App.D.C. 15, 98 F.2d 296, certiorari denied 305 U.S. 596, 59 S.Ct. 81, 83 L.Ed. 378 (18 months was held sufficient); U. S. ex rel. Cromwell v. Doyle, 69 App.D.C. 215, 99 F.2d 448, certiorari denied 306 U.S. 640, 59 S.Ct. 488, 83 L.Ed. 1041 (two and one-half years barred the action); and Grasse v. Snyder, 89 U.S. App.D.C. 352, 192 F.2d 35 (16 months delay was held to bar the action).

Plaintiff attempts to distinguish these cases on the ground that his prayer does not specifically ask for a money judgment for back pay. However, he does ask to be restored to his position "without loss of seniority," and for such other and further relief as to the Court may seem just and proper.

 From reading the above cases it is apparent that the doctrine of laches applies against an attempt to establish seniority where one in government service seeks a restoration of his position without loss of seniority, as well as where a money judgment is sought. See Grasse v. Snyder, supra.

The Motion to Dismiss is granted on the ground of laches. That being so, it is unnecessary to reach a determination of the question as to the jurisdiction of this Court over the Secretary of the Navy.

Defendant will prepare and submit the appropriate judgment of dismissal in accordance with this memorandum.