LAND, Justice.
 

 This> is a mandamus proceeding, instituted by the Louisiana State Dental 'Society, joined by four dentists, to compel the Louisiana State Board of Dentistry to recall and vacate licenses to practice the profession of dentistry, issued by the state board on February 15,1931, to Dr. Murray Joel Dillon, Dr. Clement Emile Enete, and Dr. James Burke Richmond, and a similar license issued by the state board on June 13, 1931, to Dr. Charles Edwin Kuntz, on the ground that these licenses were improvidently and illegally issued.
 

 Relators further seek to have the names of the above licensees, parties to this proceeding, erased from the official roster of duly licensed dentists in this state, on the ground that they are neither graduates of a dental college approved by the Louisiana State Board of Dentistry, nor. have they passed a satisfactory examination before the state board, as required by sections 10 and 11 of Act No. 253 of 1928.
 

 Judgment, as prayed for, was rendered in the lower court in favor of relators, and respondents have appealed.
 

 1. It is conceded, at the outset, that Act No. 253 of 1928 requires, as a basis for the issuance of a license, either a diploma from a reputable dental college, as defined in the act, or that the applicant shall pass a satisfactory examination on certain subjects enumerated in the act. Sections 10 and 11.
 

 It is admitted, however, in relators’ brief, page 25, that these provisions do. not apply “to those practitioners who had been previously licensed to practice dentistry in Louisiana, and whose licenses have issued from the Louisiana State Board of Dentistry under previous legislative enactments.”
 

 Respondents contend in this case that they were licensed or permitted to practice dentistry under Act No. 88 of 1900, the last general act regulating the dental proféssion previous to Act No. 253 of 1928.
 

 2. In the year, 1925, before the passage of the act of 1928, the state board of dentistry issued to Dr. Charles Edwin Kuntz, one of the respondents, “a renewal license” to practice dentistry in this state.
 

 In 1916 he entered Tulane Dental College. In 1917 he enlisted in the World War and was attached to a dental unit. He returned from the war in 1919, and, with the acquic s
 
 *1115
 
 cence of the state hoard of dentistry, has practiced his profession to the present time, or about fourteen years.
 

 3. Long before the passage of the act of 1928, Dr. Clement Emile Enete, also one of the respondents, held the following licenses from the state board of dentistry: No. 140-B in 1024; No. 140-B in 1925; No. 51-0 in 1920; and No. 92-D in 1927.
 

 In 1920 the state board printed its official roster of “Louisiana’s Registered Dentists,” with the heading: “The following is a complete list of the registered dentists who are entitled to practice in Louisiana, as appears on the official record, and includes dentists registered under the laws of the State up to the first day of August, 1920.”
 

 The name of Dr. Enete appears on page 12 of this official list of 1920. Again the name of Dr. Enete is found on page 19 of the official roster of dentists, published by the state board of dentistry in 1925.
 

 As shown by the affidavits of four respected citizens of Catahoula parish, Dr. Enete has practiced his profession at Jonesville in that parish since the year 1904, or for twenty-seven years, when the present state board of dentistry issued him a license in this case.
 

 4. In 1924 the state board of dentistry issued its license to Dr. Richmond, also one of the respondents, although the number has been lost. In 1925 the board issued to him license No. 81-B, and in 1926 license No. 308-C. The number of the license for 1927 has been lost.
 

 In 1925 the name of Dr. Richmond appeared on the official roster of “Louisiana’s Registered Dentists” printed by th.e state board of dentistry.
 

 Dr. Richmond had practiced dentistry since the year 1903, or twenty-eight years, when a license was issued to him by the present board in this case.
 

 He attended Southern Dental College at Atlanta, Ga., in 1899-1900 and in 1900-1901, completing his second year courses.
 

 5.Dr. Murray Joel Dillon attended the Kansas City Dental College in 1910 and 1911. He has practiced dentistry in the city of New Orleans for more than eighteen years, with the knowledge and consent of the state board of dentistry created under Act No. 88 of 1900. Although he is listed upon the records of the present state board of dentistry as practicing without a license, he presented to that board a letter or certificate from Dr. Y. K. Irion, late secretary, showing that he was always recognized as a qualified dentist by the late hoards and secretary, entitled to practice his profession in this state, and that he has never been disturbed by the late boards and secretary in his practice.
 

 In addition to this, Dr. Dillon presented to the present state board of dentistry the sworn declarations of four reputable, recognized, licensed dentists in the city of New Orleans, all of whom swear that he has been practicing for eighteen years or more, to their knowledge; that he is a man of high character, and well able and qualified to practice dentistry in this state. Dr. Dillon is also recommended, morally and professionally, in affidavits made by citizens of New Orleans, who have had dental work done by him.
 

 
 *1117
 
 The state board of dentistry also found from the facts before it that all of the respondents were gentlemen of excellent moral-standing in the communities in which they iived, and were fully competent to discharge the duties of their profession.
 

 This finding of the state board is based upon the affidavits of a number of duly licensed dentists, upon the affidavits of the patrons of respondents, and upon those of other reputable citizens.
 

 Considering the fact that these respondents have been practicing dentistry in this state for years past, and have been recognized by former state boards of dentistry as lawfully practicing their profession, it must be presumed in law that respondents complied with the provisions of Act No. 88 of 1900, under which they were licensed or allowed to practice by the state board, and, for this reason, the provisions of Act No. 253 of 1928 do not apply to them. Besides, there is no provision in Act No. 88 of 1900 that requires any examination upon any specific subject, nor any diploma from a dental college, as a prerequisite to obtaining a license to practice dentistry in this state.
 

 Act No. 88 of 1900, passed thirty-three years ago, is a short act, is as simple as the practice of dentistry was at that early date, and contains but little more than a single line on the subject of the qualification of the applicant. Section 7 of that act provides: “That it shall be unlawful to practice or. attempt or offer to practice dentistry in this State without having first obtained from the Louisiana State Board of Dentistry a certificate of qualification.”
 

 Under this section, the state board of dentistry of years ago could issue a license to practice dentistry to any applicant whom it might consider to be a practical dentist, although he was not the graduate of a dental college, and was not versed in the numerous scientific subjects enumerated in the recent and highly technical act of 1928.
 

 Whatever standard the state board of dentistry, created by Act No. 88 of 1900, may have adopted under its rules could be suspended, at any time, by that board, and, for this very reason, Act No. 253 of 1928 was passed so as to require, by fixed statute, either a diploma from a reputable dental college or a satisfactory examination before the state board of dentistry, as the basis for application of a license to practice dentistry. Louisiana State Board of. Dentistry v. Hodge, 160 La. 743, 107 So. 511.
 

 It follows, necessarily, that the issuance of licenses by former state boards of dentistry, created under Act No. 88 of 1900, or permission by them to practice, fixed the status of respondents as legal practitioners of dentistry in this state. The respondents are, by no means, new applicants for license for the first time under Act No. 253 of 1928; but they are veterans in the practice, who have been already licensed or permitted to practice for years under former state boards of dentistry.
 

 The purpose of the various acts of this state, regulating the practice of dentistry, is not to protect or to promote the dental profession, but is “for the protection of the people from unqualified practitioners of * * * dentistry,” as expressly declared in the Con
 
 *1119
 
 stitution (Const. 1921, art. 6, § 12) and statutes of tiiis state on the subject.
 

 The good moral characters and qualifications of respondents as practicing dentists are conclusively shown by the record in this case, and the public is fully protected as far as their practice of dentistry is concerned.
 

 It is therefore ordered that the judgment appealed from be annulled and reversed.
 

 It is now ordered that relators’ demand be rejected, and that relators’ suit be dismissed at their costs.