FOUR.NET, Justice.
 

 This is a sequel to the case of State ex rel. Nobles v. Bienville Parish School Board, 198 La. 688, 4 So.2d 649, wherein we Ordered the Bienville Parish School Board to reinstate H. L. Nobles, whom it had summarily removed as a probationary teacher without complying with the requirements of Act No. 58 of 1936 governing such teachers, in his status as principal of the Gibsland High School for the year 1940-1941, at the same salary he was receiving when removed, $2,150 a year.
 

 In a letter addressed to him on May 28, 1941, Nobles was notified by the president and the secretary of the Bienville Parish School Board that under a resolution adopted by the board on May 27, 1941, the day after we granted a rehearing of our original decision in the Nobles case handed down on April 28, 1941, he had been dismissed and discharged regardless of the outcome of the litigation which was then pending in this court. The pertinent part of this resolution reads as follows: .
 

 “Whereas, the said H. L. Nobles has been found unsatisfactory by the Bienville Parish School Board and is not entitled to acquire the status of a permanent teacher, and
 
 the Bienville Parish School Board desires
 
 and is entitled under Act 22 of 1900 (this is meant to be Act No. 100 of 1922) Section 48, as amended by Act 58 of 1936 Section 1,
 
 to take appropriate action to prevent the said H. L. Nobles from acquiring the status of a permanent
 
 teacher,
 
 regardless of the outcome of the above mentioned litigation.
 

 “Now, Therefore, Be It Resolved, that H. L. Nobles be and he is hereby discharged and dismissed as a teacher and employee of the Bienville Parish School Board, regardless of the outcome of the litigation now pending as above set forth.
 

 “Be It Further Resolved, that any action relative to the reinstatement of the said H. L. Nobles in any capacity for the school year 1940-1941 be deferred until final judgment is rendered in said litigation.” (Italics and brackets ours.)
 

 We handed down our opinion on rehearing, wherein we reinstated our original decree in the Nobles case, on November 3, 1941, but no further action was taken by the board in the matter until December 12, 1941, despite the fact that Nobles’ attorney had addressed two letters to the board, one on November 5 and the other on December 2, and then only in order to comply with the judgment of the district court in contempt proceedings instituted by Nobles against the board on December 6, 1941. When the board met on December 12, in special meeting, it adopted a resolution ordering the temporary reinstatement of Nobles for the particular school year 1940-1941 and his payment, with interest, during that period, but the resolution contained the further stipulation that the board’s action by the resolution of May 27, 1941, discharging Nobles was to remain unchanged, such resolution being readopted.
 

 
 *988
 
 Nobles instituted this mandamus proceeding on January 17, 1942, seeking, to compel the Bienville Parish School Board to reinstate him “as an employee of the Bienville Parish School Board and as Principal of the Gibsland High School, at a salary of $2150.00 per year,” and from a judgment dismissing his demands he has appealed.
 

 The basis of the district judge’s judgment, as expressed in his written reasons therefor and as is being contended by the defendant here, is that under the provisions of the third paragraph of Section 48 of Act No. 100 of 1922, as amended by Act No. 58 of 1936, declaring that “Any teacher found unsatisfactory by the parish school board at the expiration of the said probationary term, shall'be by said board notified in writing that he has been discharged or dismissed,” the Bienville Parish School Board had the right to summarily discharge Nobles at the end of his probationary term without assigning any reasons therefor.
 

 We cannot agree with the interpretation placed on this portion of the section by the district judge. The legislature’s primary purpose in amending Section 48 of Act No. 100 of 1922 was to define the word “teacher” and to provide for a probationary term during which a person must serve before he can be classified as a permanent teacher, and, as we pointed out in the case of Andrews v. Union Parish School Board, 191 La. 90, 184 So. 552, 554, “The act specifically provides * * * that neither probationary nor permanent teachers can be discharged by the Board without cause.”
 

 Under the express provisions of the act, a school board is powerless to dismiss a teacher during the probationary term except “upon the written recommendation,
 
 accompanied by the valid reasons therefor,
 
 of the superintendent of schools of that parish.” (Italics ours.) See Andrews v. Union Parish School Board, supra; State ex rel. Kundert v. Jefferson Parish School Board, 191 La. 102, 184 So. 555; State ex rel. Nobles v. Bienville Parish School Board, 198 La. 688, 4 So.2d 649; and State ex rel. Kennington v. Red River Parish School Board, La.App., 193 So. 225.
 

 By declaring in the paragraph immediately following the above quotation that “Any teacher found unsatisfactory by the parish school board at the expiration of the said probationary term, shall be by said board notified in writing that he has been discharged or dismissed,” it was not, in our opinion, the intention of the legislature to permit the dismissal of a teacher just completing the probationary term without cause, but, rather, that it was the intention of the legislature to permit the. school hoard, having before it the teacher’s record during the entire period of probation, to dismiss such teacher for
 
 “valid reason”
 
 if, after a review of the teacher’s record, he is found to be unsatisfactory. To hold otherwise would nullify both the letter and the spirit of the Teachers’ Tenure Act, in direct conflict with Section 2 of the act now under review, which prohibits the parish school board from
 
 *990
 
 making any “rules and regulations which may impair or nullify this act or any part thereof.”
 

 The resolution adopted by the Bienville Parish School Board on May
 
 27,
 
 1941, not only fails to assign any cause for the relator’s dismissal, but the record affirmatively shows that the superintendent of education of that parish did not at any time recommend Nobles’ removal to the school board. Furthermore, it is interesting to note that the resolution ordering the relator’s dismissal was adopted by a vote of only five out of nine board members, three voting against its adoption and one “not voting.” When the motion for Nobles’ reinstatement was voted on, the same five voted against such reinstatement, while the other four voted in favor thereof.
 

 Under the particular facts of this case, the plea of laches filed by the respondent board is without merit. When Nobles received a copy of the resolution of May 27, 1941, he was awaiting the final determination of the issues presented in his former case, which was then pending before us on rehearing. Under these circumstances we do not think he was required to take any other action than that taken by him, that is, to notify the superintendent of education in September of 1941, at the beginning of the 1941-1942 school year, that he was ready and willing to report for work, and to follow this up by the demands made by him on the school board after our decision on rehearing was handed down. The respondent board was not prejudiced in any manner by any of the relator’s acts in this case; nor can it be said that he acquiesced in the actions of the board. On the contrary, he has continuously, persistently, and vigorously protested against all of its actions.
 

 For the reasons assigned, the judgment of the lower court is annulled and set aside and it is now ordered, adjudged, and decreed that there be judgment in favor of the relator, H. L. Nobles, and against the respondent, the" Bienville Parish School Board, ordering the said school board to reinstate H. L. Nobles as an employee of the Bienville Parish School Board and in his status as principal of the Gibsland High School at a salary of $2,150 a year, payable monthly; all costs to be borne by the respondent Bienville Parish School Board.