25 So.2d 623

MILLER v. RAPIDES PARISH SCHOOL BOARD et al.

No. 37819.

Feb. 11, 1946.

Rehearing Denied March 18, 1946.

Ben F. Thompson, Dist. Atty., and Walter M. Hunter, Asst. Dist. Atty., both of Alexandria, for defendants and appellants.

Frank H. Peterman and C. F. Gravel, Jr., both of Alexandria, for plaintiff and appellee.

PONDER, Justice.

The plaintiff, Josiah S. Miller, brought suit against the Rapides Parish School Board and the parish superintendent of schools seeking to set aside the action of the school board discharging him, a permanent school bus operator, and praying for an injunction maintaining him in such position until his rights under the tenure law are finally determined by the courts.

The plaintiff has been continuously employed as a school bus operator for the past ten years. He was employed as a bus operator for the school term of 1944–45. On October 3, 1944, the parish superintendent of schools was directed by the defendant school board to file written charges against the plaintiff to the effect that he had been guilty of neglect of duty in the operation of his bus in that he did not run on schedule and did not stop to pick up the pupils on his route at his regular stops. It is alleged in the charges that these acts of neglect of duty had occurred repeatedly during the sessions of 1942–43 and 1943–44 according to evidence furnished by the patrons on his route. It is further alleged that the charges are made according to Act No. 61 of 1942.

The plaintiff was tried on these charges before the school board on October 31, 1944, at which time eleven of the thirteen members of the board were present. The charges were sustained by a vote of six to five of the members present, and the plaintiff was ordered discharged, the discharge to be effective on November 22, 1944.

On November 14, 1944, the plaintiff instituted the present suit. He was the only witness to testify on the trial of the case, and his testimony was to the effect that the charges were untrue, and that he had fulfilled his duties as bus operator. The record contains three affidavits of persons residing along the school route which corroborate the plaintiff's testimony. The defendants offered no testimony. The transcript of all of the proceedings before the school board, touching the dismissal of the plaintiff, was not introduced in evidence by either party. The trial court gave judgment in favor of the plaintiff. The defendants have appealed.

Counsel for the appellants contends that a presumption of legality and regularity

attaches to the action of the school board, and that the decision of this administrative board vested with discretionary powers cannot be inquired into by the courts to determine whether the weight and sufficiency of the facts support the order rendered. Counsel takes the position that the only function of the court is to determine if there has been an arbitrary or capricious use of discretion by the board.

On the other hand, plaintiff appellee contends that the action of the board in discharging him was illegal for several reasons. One of the reasons advanced by the appellee is to the effect that he had never been legally discharged by the board for the reason that a majority of its members did not vote to sustain the charges against him.

Act No. 61 of 1942 provides that school bus operators who have served satisfactorily for more than three consecutive years and are employed for the school term of 1942–43 are permanent bus operators. It states that such bus operators cannot be removed except upon written and signed charges of neglect of duty, etc., and, then only, if found guilty after a hearing by the board. The bus operator cannot be discharged under the guise of abolishing, discontinuing, or consolidating the route, if it is not found as a fact, after a hearing, that it is to the best interest of the school system to abolish, etc., the route. It is optional with the bus operator whether any hearing under the act shall be private or public. He must be presented with notice of the charges at least fifteen days in advance of the hear-

ing. It is further stated therein that it is not the intent of the act to impair the right of appeal to a court of competent jurisdiction. The act also contains the following provision:

"That no provision of Act 100 of 1922 or of any other Act of the Legislature of Louisiana shall be construed as conferring upon any parish School Board the authority to make rules and regulations which may impair or nullify this act or any part thereof."

Act No. 61 of 1942 was amended and re-enacted by Act No. 185 of 1944. The only material change made is that Act No. 185 of 1944 provides that a bus driver who was employed for the school term 1944–45 and who had served satisfactorily for three consecutive years shall be deemed a permanent bus operator.

■ From a mere reading of these tenure acts, it is apparent that they were passed in the interest of the school bus operators to prevent their being discharged for grounds other than those set forth in the acts. Numerous safeguards are placed in the acts to protect their tenure. They cannot be discharged except in strict compliance with the provisions of the acts. The legislature carefully safeguarded their interests by providing that any action of the school board would not prevent them from having recourse to the courts.

Under the provisions of Act No. 100 of 1922, the school board has authority to make such rules and regulations for its government as it deems fit so long as they

are not inconsistent with law or the regulations of the Louisiana State Board of Education. It is significant that in both of the tenure acts, there is inserted a clause to the effect that no provision of Act No. 100 of 1922 or any other act of the legislature is to be construed as giving the school board the authority to make rules and regulations which might impair or nullify the tenure acts.

Since the legislature has placed so many safeguards in Act No. 61 of 1942 and Act No. 185 of 1944 to protect the tenure of the bus operators and provided additionally that any rule made by the school board cannot be construed as to impair the effect of the acts, it is only reasonable to conclude that the legislature contemplated that such employees could not be discharged except by a majority vote of the members of the board and not by a majority vote of those present at a meeting of the board.

We realize that the school board may adopt a rule for its own government constituting a number less than its membership as a quorum, and that a majority of those present may act for the board. However, in view of the fact that the tenure acts were passed for the benefit of the bus operators and not for the benefit of the school board, the rules adopted for the government of the affairs of the school board cannot be given effect over the purpose of the tenure acts. If such were the case, a less number than a majority of the board could discharge a bus operator, and the provision that the rules of the board cannot be construed as impairing the tenure act would be meaningless. The legislature clearly intended that no rule or regulation of the school board could circumvent the provisions of the tenure acts or impair their effectiveness. In fact, the tenure acts were passed to prevent school boards from discharging bus operators except for designated causes. To hold that a number less than a majority of the members of the school board could discharge such employees would impair the effectiveness of these acts and violate their purpose. These acts having been passed in the interest of the bus operators, they must be construed liberally in their favor in order to carry out the legislative intent.

Since we have arrived at the conclusion that the action of the school board was null for the reason that the plaintiff was illegally discharged by the vote of a number less than a majority of its members, it is unnecessary to pass on the other contentions raised in this cause.

For the reasons assigned, the judgment of the lower court is affirmed at appellants' cost.

HAWTHORNE, J., takes no part.