This is a proceeding which seeks the issuance of writs of mandamus commanding the School Board of the Parish of LaSalle to hold a hearing upon charges preferred against a school bus operator. From a judgment sustaining exceptions of no cause and no right of action and dismissing plaintiffs' suit, plaintiffs have brought this appeal.
The pertinent allegations of the petition of the thirteen relators set forth that they are parents of children of school age who are transported to and from the Olla-Standard High School in the Parish of LaSalle by a school bus driven and operated by one Ira O. Tarver; that the said Tarver is a tenured bus operator in the employ of the LaSalle Parish School Board; that the said named bus operator has been guilty of certain specified immoral acts; that he is neglectful of his duties; is careless and incompetent; that his transfer equipment is not in a proper state of repair and therefore is dangerous; that relators have filed a petition with the LaSalle Parish School Board setting forth in detail the specifications of the charges noted, praying for a hearing thereon, and, finally, the removal of said operator; that the said School Board has failed, neglected and refused to accord a hearing on the petition and charges filed by relators, wherefore they seek the aid of writs of mandamus for the purpose of enforcing a hearing.
Relators' action is based upon the provisions of Act No. 185 of 1944. The exceptions tendered by the respondent, School Board, are predicated upon the propositions that plaintiffs have no right to prosecute an action of this character, and that the action has no foundation in law.
The provisions of Act No. 185 of 1944, which is sometimes referred to as the School Bus Operator's Tenure Law, having a material bearing upon the issue before us, read as follows:
"No permanent School Bus Operator shall be removed from his position except upon written and signed charges of wilful neglect of duty, or incompetence, or immorality, or drunkenness while on duty, or physical disability to perform his duties, or failure to keep his transfer equipment in safe, comfortable and practical operating condition, and then only if found guilty after a hearing by the School Board of that Parish in which the School Bus Operator is employed. * * * It is provided that any hearing under this act may be private or public at the option of the School Bus Operator. It is further provided that said School Bus Operator shall be furnished by such school board at least fifteen days in advance of the date of said hearing, with a copy of the written grounds upon which removal or discharge is sought. Said School Bus Operator shall have the right to appear in his own behalf, and with counsel of his own selection, all of whom shall be heard by said Board at said hearing; provided, further that it is not the intent of this act to impair the right of appeal to a court of competent jurisdiction."
As was said in the opinion of the Supreme Court in Miller v. Rapides Parish School Board et al., 209 La. 877, 25 So.2d 623, 624:
"From a mere reading of these tenure acts, it is apparent that they were passed in the interest of the school bus operators to prevent their being discharged for grounds other than those set forth in the acts. * * * The legislature carefully safeguarded their interests * * *."
There is no provision in the act which imposes upon a Parish School Board a mandatory duty to hold a hearing. And, *Page 610 
further, it is to be observed that there is no provision in the act which requires a School Board to discharge an operator even in the event charges against him of the nature set forth in the act were sustained in a hearing fixed and held in accordance with the provisions of the said act. Additionally, it is noted that the provisions of the act with respect to the filing of charges are vague and ambiguous in that they do not establish or recognize any specific source or sources from which such charges might originate and by which they might be presented.
We freely concede the full justice in principle of the burden of the argument advanced by relator's learned counsel that the people who are the governed have the right to petition for a redress of grievances. It is to be regretted that all too frequently, by reason of the imperfections in legislative enactments, such a right becomes a mockery through failure to clothe such petitioners with the right to enforce action upon their petitions.
It would appear that the instant case is an excellent example of the unintended injustice that frequently follows legislation primarily designed to protect the rights of individuals or groups of individuals and which utterly fails at the same time to insure the rights of the public generally.
[1, 2] Mindful as we are of the injustices and inequities which may result, we are helpless to afford relief. It is not the province of the courts to encroach upon the authority of the legislative branches of our government, and relief must be sought at the hands of the agency which is charged with lawmaking responsibilities.
[3] Although our holding on the exception of no right of action serves to finally determine this cause, we observe that the exception of no cause of action is also entitled to be maintained. As was said in State ex rel. Monk v. Police Jury of Vernon Parish, La. App., 3 So.2d 186, 187:
"It is too well settled to require the citation of authority that a writ of mandamus will only issue to compel a public official to perform a purely ministerial duty, a duty which a law or an ordinance in plain and unmistakable terms requires him to perform as a part of and in connection with his official functions."
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.