LOTTINGER, Judge.
This is a mandamus suit wherein petitioner, Andrew Carter, is seeking to be issued a license to practice dentistry in the City of New Orleans. The suit is against Louisiana State Board of Dentistry which has denied petitioner’s application. The Lower Court issued the writ of mandamus and the defendant has appealed.
The petitioner’s application to the Board, to which application is attached letters of reference from several dentists, a dental technician and a patient of petitioner, sets forth that petitioner has practiced dentistry in the City of New Orleans for more than 35 years. Petitioner’s application for a license was denied during the month of June, 1955, and he, thereafter, filed a second application which was also denied.
He contends that he is entitled to a license by reason of his having practiced *900 dentistry for a period of more than 35 years with the full knowledge of the Board, having referred us to the decision in State ex rel. Louisiana State Dental Society v. Louisiana State Board of Dentistry, 177 La. 1112, 150 So. 292, 294, and also to an opinion of the Attorney General relating to a similar application by Dr. Gautier, said opinion having been handed down on August 20, 1954. ’ ■
The defendant denies that petitioner has practiced dentistry for 35 years, denies that the Board had any knowledge of his ¿1-leged illegal practice until recently, and, in the alternative sets forth LSA-R.S. 37:761 relative to issuance of such license. Defendant further claims that under Act 253' of 1928, a prior holder of a license was required to produce the original thereof, or a certified copy of same to the Board in order to have a new license issued.
The Lower Court issued the writ of mandamus and the Board has appealed.
The provisions of Act 253 of 1928 have no application here for the simple reason that petitioner makes no claim to have ever had a license to practice dentistry either before or after the passage of said Act. His position is that he had practiced dentistry with the full knowledge, permission, or acquiescence of the Board created under Act 88 of 1900. To fortify his position he relies upon:
(1) State ex rel. Louisiana State Dental Society v. Louisiana State Board of Dentistry, supra, in which the following language appears:
“It follows, necessarily, that the issuance of licenses by former state boards of dentistry, created under Act No. 88 of' 1900, or permission by them to practice, fixed the status of respondents as legal practitioners of dentistry in this state.”
(2) The fact that the defendant Board, in compliance with an opinion of the Attorney General of the State of date Au-. gust 20, 1954, issued to one Leo Gautier, whose status was the same as that of petitioner, a license to practice dentistry in this State. , .
There is no question in our mind that in the Dental Society case, the Court held that the 1928 Act did not apply because the parties had ■ been practicing dentistry prior thereto. In the instant case, the petitioner was also practicing dentistry prior to passage of the 1928 Act and he did, therefore, come under the same line of reasoning. The letters attached to petitioner’s application all state that petitioner had been practicing dentistry for at least 30 years. Petitioner’s name was listed in records of previous State Dentistry Boards as an “Unofficial Dentist.” In a report of the State Board of Dentistry to the Governor in the year 1928, petitioner’s name appeared under a list of names whose license number was ’Unknown. We feel, therefore, that the overwhelming evidence is to the effect that the petitioner practiced dentistry prior to the year 1928, and that the Board had full knowledge of such practice. By using the term Board, we do not mean too imply that any of the present members had any such knowledge, however, their' predecessors certainly had knowledge as is, shown by the records.
The law is well settled to the effect that the Courts are without power to control the discretion of administrative Boards such as the Dentistry Board. It is entirely within the discretion of the Board to determine whether or not an applicant is qualified to practice dentistry. These Boards are made up of professional men in the field of dentistry and they are much more qualified to determine the qualification of applicants than we would ever hope to be. The Courts have the right to intercede only where it is apparent that the discretion of the Board has been exercised in an arbitrary or illegal manner. Such action on the part of the Board would ba an exception to the general rule.
*901 We believe that under the holding of the above mentioned Dentistry Society case, the Board abused its discretion in failing to grant the license. The facts show that the petitioner was practicing dentistry prior to the year 1928 and while Act 88 of 1900 was still in effect. Although he had not been given a license under the 1900 Act, the record shows, as stated above,- that the - Board had full knowledge of his dental practice, although he was doing so “unofficially.” The letters of prominent dentists, as well as others, attest to the- fact that the petitioner is competent and qualified to. practice dentistry, and that he is a man of good moral character. Petitioner- is a colored man of 63 years of age, whose entire lifetime has been consumed in the field of dentistry.
Petitioner contends that his main ambition in life has been to become a licensed dentist in the State of Lotiisiana. We feel that, -inasmuch as the petitioner had been practicing dentistry with the knowledge of the State Board prior to the 1928 Act, that the present State Board was without right to deny him a license for the grounds given. The only grounds the Board had in failing to grant the license was Act 253 of 1928. Under the doctrine of the Dental Society case, we feel that their denial of a' license to petitioner constituted an arbitrary abuse of their discretion.
Defendant has sighted the case of Montegut v. Louisiana State Board of Dentistry, La.App., 55 So.2d 58., In that case we found that the petitioner had not practiced dentistry with the knowledge of the Board prior to the year 1928. Such fact clearly distinguishes the Montegut case from the present one. We feel that the petitioner was entirely wrong in not applying for a dental license at a much earlier date. Certainly, under the circumstances, we feel that had he applied for a license he would have been granted one. It appears that the only reason he now applied for a license was the fact that the Board has been filing charges against the so called “unofficial” practitioners for practicing the profession of dentistry without a license. On the other hand, the Board, and we do not meari to imply the present members of the Board; wás not without fault in allowing the practice" of dentistry without a dental license. We believe the Board has a solfemn duty to the public to investigate such circumstances and to rectify any ■ illegal or wrong practitioners.
We believe that the decision of the Lower Court was entirely correct and concur in the findings thereof: For the reasons assigned, the judgment of .the Lower Court will be affirmed, all costs of this appeal to be paid by the defendant.
Judgment affirmed.