GLADNEY, Justice.
This suit was brought by Arvel R. Kil-patrick against the Ouachita Parish School Board and William W. Ward, its Superintendent of Schools, to be reinstated to his position as a school bus operator and recover accrued salary. Following trial there was judgment directing plaintiff to be returned to his job and receive salary from September 6, 1955, throughout the 1955— 1956 school year. The defendant School Board has appealed. Presented herein for our determination is the single issue as to whether plaintiff was dismissed without valid reasons contrary to LSA-R.S. 17:492.
Appellee was employed as a school bus operator at a salary of $200 per month during the school years of 1954 and 1955. On August 3, 1955, a resolution was adopted by the School Board as follows:
“Supt. Ward recommended that J. P. North and Ralph Kilpatrick, probationary bus drivers, not be re-employed by the School Board due to the fact that they live too far from the end of the bus route.”
After receiving notification of the action so taken, Kilpatrick and North instituted separate suits for their reinstatement. Exceptions of no cause and no right of action were filed by defendants, answers were filed, the cases were consolidated and tried, and resulted in the judgment aforesaid.
On trial of the case William W. Ward, Superintendent of Schools, and Morris Griggs, Superintendent of Transportation for the schools of Ouachita Parish, each testified that Kilpatrick and North had properly performed their duties in every respect. Ward’s only explanation of his recommendation was that a bus driver living on the route could better communicate with the patrons of that route when the children are discharged from the bus. He stated it was better that the driver live in the community in which the bus is operated. Kilpatrick lived about five and one-half miles from the end of his route and testified it took about fifteen minutes for him to travel between his home and the end of the bus route.
Kilpatrick and North both were probationary bus drivers. A probationary term of three years from the date of his first employment is fixed in the statute which, with its amendments, has been incorporated in LSA-R.S. 17:491-494. This law was enacted for the purpose of benefiting school bus operators and it is expressly provided in Section 492 that during the probationary term an operator may only be dismissed or *455 discharged by the School Board upon the written recommendation of the Parish Su-erintendent of schools, accompanied by valid reasons therefor. Thus the Supreme Court in Miller v. Rapides Parish School Board, 1946, 209 La. 877, 25 So.2d 623, 625, in referring to the-tenure acts adopted relating to school bus operators said:
“The legislature clearly intended that no rule or regulation of the school board could circumvent the provisions of the tenure acts or impair their effectiveness. In fact, the tenure acts were passed to prevent school boards from discharging bus operators except for designated causes. * * * These acts having been passed in the interest of the bus operators, they must be construed liberally in their favor in order to carry out the legislative intent.”
The word “valid” necessarily possesses an element of legal strength and force. Inconsistent positions have no such force. By “valid reason” is meant a sound and sufficient reason and one which supports or justifies a change in attitude. Echols v. Trice, 130 Ark. 97, 196 S.W. 801, 802.
In a written opinion the judge a quo held the reasons given for the discharge of the two school bus operators were not valid, saying:
“ * * * It appears to the Court that inasmuch as each of the plaintiffs had always and up until the time of their dismissal, performed their work punctually and properly without any complaints from anyone, even the School Board, and inasmuch as those that- replaced them at the time of the trial of this suit were living beyond the end of the bus route, it would seem that the plaintiffs were discharged without cause.”
Based on the record presented to us wherein we find no dispute as to the material facts, it iá our conclusion the defendants have failed to show the existence of valid reasons for terminating the services of plaintiffs.
Therefore, the judgment from which appealed is affirmed with costs, as allowed by law.