100 So.2d 908 (1958)
Louis CHANTLIN, Jr., Plaintiff-Appellant,
v.
ACADIA PARISH SCHOOL BOARD, Defendant-Appellee.
No. 4544.
Court of Appeal of Louisiana, First Circuit.
February 3, 1958.
Rehearing Denied March 17, 1958.
Writ of Certiorari Denied April 21, 1958.
*909 Jacque B. Pucheu, Eunice, for appellant.
Charles T. Everett, Asst. Dist. Atty., Crowley, for appellee.
TATE, Judge.
By this suit plaintiff seeks reinstatement as a probationary school bus driver of defendant School Board, from which position said Board allegedly illegally discharged him.
On June 11, 1956, after almost two years service as a probationary school bus driver, plaintiff was discharged under the provisions of LSA-R.S. 17:492, which pertinently provides as follows:
"Each school bus operator shall serve a probationary term of three years reckoned from the date of his first employment in the parish in which the operator is serving his probation. During the probationary term the parish school board may dismiss or discharge any operator upon the written recommendation of the parish superintendent of schools accompanied by valid reasons therefor." (Italics ours.)
The written recommendation of the Acadia Parish superintendent of education to the school board for plaintiff's discharge set forth, pertinently:
"He has not proved to be a satisfactory bus driver and I recommend that he not be re-employed for the 1956-57 school session.
"Specifically, I charge him with neglect of duty for refusing to cooperate with the School Principal and school program by refusing to transfer the children to school for extracurricular activities, such as school plays, musical programs and similar activities that are beneficial to the welfare of the children of any school."
The chief substantial question raised by this appeal is whether the evidence produced in support of the school superintendent's recommendation proves that there were "valid reasons" for the termination of plaintiff's employment as a probationary school bus driver.
The evidence as to this specific charge of refusing to cooperate with the school principal by refusing to transport the children to extra-curricular school activities preponderantly indicates, in our opinion, that the plaintiff did fail to provide transportation to (a) the Christmas and (b) the end-of-school programs during the 1955-56 school year, despite his principal's request that he do so.
The evidence reflects that the school bus drivers were under no contractual duty to provide such extra-curricular transportation, except for three instances during the school year (namely the Rice Festival, the *910 Parish Rally, and the 4-H Club Day), but that customarily bus drivers (other than plaintiff for the year in question) provided extra-curricular transportation such as that in question, charging 25-35¢ per student for providing such extra services.
The plaintiff states that only one child requested him to afford such transportation to one of these extra-curricular activities, and that he refused the request with the suggestion that the child secure such transportation from his own parents. The other school bus drivers at plaintiff's school did provide such transportation on the days in question (excepting one driver, none of whose children requested same.)
In determining whether there were "valid reasons" for the school board's refusal to continue plaintiff in his employment as a probationary school bus driver, we do not believe that the same question is raised as might be for damages for a breach during the school year of a bus driver's contract to provide transportation. Nor is the same question presented as might be were this a suit by a tenured driver to be restored to his duties, discharge of whom can under LSA-R.S. 17:493 only be made upon certain legislatively specified grounds and after hearing.
When the Legislature has provided that a probationary school bus driver can be discharged simply for "valid reasons" in contradistinction to the specified grounds of discharge alone available in the case of tenured bus driversthis indicates to us a legislative intent to provide a large measure of discretion to school boards in the discharge of such probationary school employees. And although the school board is not authorized to discharge a probationary school employee without any cause at all, State ex rel. Nobles v. Bienville Parish School Board, 200 La. 983, 9 So.2d 310, we think that our brethren of the Second Circuit in Kilpatric v. Ouachita Parish School Board, La.App., 91 So.2d 453, correctly stated in discussing the standard for discharge of the probationary bus driver, LSA-R.S. 17:491, that "By `valid reason' is meant a sound and sufficient reason", 91 So.2d 455.
Under these views, we think that the school board had valid reasons to discontinue the present plaintiff's employment as a probationary school bus driver. The given instances indicated an uncooperative attitude, even in the probationary term, from which the school board may well have drawn a reasonable inference that the present plaintiff's attitude was a departure from that desired which, as stated by his school principal, should be that "the driver is working for the school, the interest should be for the children." (Tr-24).
We think that the discretion given to the school board in discharging for valid reasons school employees during their probationary terms is precisely for the purpose of weeding out personnel whose attitude or performance, while perhaps not so flagrantly faulty as might be required for the discharge of a tenured school teacher, indicate it to be undesirable for reasons of efficiency, morality, or harmony, among others, to grant them permanent status as members of our professional educational force. That is, the grudging performance of the minimum duties required of him does not, in our opinion, prevent a school board from terminating before he attains tenure the services of a probationary employee whose provable acts may indicate him to be a potential source of disharmony and whose attitude indicates that as a permanent employee he will be a drag upon, rather than an assistant in, its mission of educating the children.
We are reminded that the administration of the school system of Acadia Parish is entrusted by the constitution and the legislature to that Parish's School Board and not to the courts. When there is a rational basis for an administrative board's discretionary determinations, which are supported by substantial evidence insofar as factually required, the court has no right *911 to substitute its judgment for the administrative board's or to interfere with the latter's bona fide exercise of its discretion. Southern Bell T. & T. Co. v. Louisiana Pub. Serv. Comm., 232 La. 446, 94 So.2d 431; Young v. Charity Hospital, 226 La. 708, 77 So.2d 13; State ex rel. Rathe v. Jefferson Parish School Bd., 206 La. 317, 19 So.2d 153; State ex rel. Bourgeois v. Board of Supervisors, etc., 205 La. 177, 17 So.2d 25; State ex rel. Carter v. Louisiana State Board of Dentistry, La.App. 1 Cir., 90 So. 2d 899.
We are unable to say that lacking in rational basis is the school board's determination that the plaintiff's refusal to cooperate with his principal, proved by substantial evidence and in the respects stated above, constitutes a valid reason for terminating his probationary employment.
In view of our findings that the specific conduct in question constituted a valid cause for the termination of plaintiff's services as a probationary bus driver, it is unnecessary to discuss the school board's supplementary charge that plaintiff, who owned and operated a saloon during the period of his service as a bus driver, occasionally operated his school bus while under the influence of alcohol (which charge was, at best, tenuously proved.)
Able counsel for plaintiff appellant also alleges that plaintiff was illegally discharged, (1) in that the resolution authorizing his discharge was adopted at a special meeting not called for that purpose, and also (2) in that plaintiff's discharge was allegedly accomplished by the parish superintendent of education rather than, as required, by the parish school board.
We are cited to no legal authority for the first proposition. The minutes further reflect that the special meeting in question was "called to transact any other business that might come before the board" additional to certain items of business specified in the call.
The second attack upon the method by which plaintiff was discharged is based upon the wording of the school board resolution of June 11, 1956, which was "that the superintendent be authorized to discharge Louis Chantlin, Jr., on the grounds of neglect of duty." Pointing out that it is the function of the school board and specifically not of the superintendent to discharge probationary school employees, State ex rel. Golson v. Winn Parish School Board, La. App. 2 Cir., 9 So.2d 342; Kennington v. Red River Parish School Board, La.App. 2 Cir., 200 So. 514; Andrews v. Claiborne Parish School Board, La.App. 2 Cir., 189 So. 355, appellant argues that by this resolution the school board illegally attempted to delegate to the superintendent the power to discharge the plaintiff bus driver.
We think, however, that the clear intendment of the resolution in question was to discharge plaintiff and to authorize the superintendent to communicate such discharge to the discharged employee, rather than being (as argued by plaintiff) to authorize the superintendent within his discretion to discharge him. In view of the presumption of the validity of administrative enactments, if two constructions thereof be advanced, under one of which the enactment is a valid exercise of the board's power and under the other of which it is not, the former is to be taken, cf. Interstate Oil Pipe Line Co. v. Guilbeau, 217 La. 160, 46 So.2d 113.
For the above and foregoing reasons, we affirm the judgment of the District Court sustaining the termination of the probationary school bus driver by the Acadia Parish School Board.
Affirmed.