SAVOY, Judge.
Plaintiff filed a suit against the defendant school board seeking re-instatement as a probationary school bus driver of said board and also to recover his accrued salary from the time of dismissal.
The record shows that by resolution of the LaSalle Parish School Board, plaintiff was hired to succeed or replace W. C. Breland who was eligible for retirement on December 31, 1956. The resolution stated that plaintiff was to be employed and his employment was to be effective January 1, 1957. Plaintiff actually began operating the school bus on January 2, 1957.
On July 16, 1959, the Parish Superintendent for the defendant board, F. H. Shiels, filed with the board written recommendations accompanied with reasons recommending the discharge of plaintiff. The School Board adopted the recommendations of the superintendent and discharged plaintiff as of that date.
The first question to be determined is whether plaintiff was a tenured driver under the provisions of LSA-R.S. 17:492, which reads as follows:
“Each school bus operator shall serve a probationary term of three years reckoned from the date of his first employment in the parish in which the operator is serving his probation. During the probationary term the parish school board may dismiss or discharge any operator upon the written recommendation of the parish superintendent of schools accompanied by valid reasons therefor.
“Any school bus operator found unsatisfactory by the parish school board at the expiration of the probationary term shall be notified in writing by the board that he has been discharged or dismissed; in the absence of such notification such probationary school bus operator shall automatically become a regular and permanent operator in the employ of the school board of the parish in which he has successfully served his probationary term; provided that all school bus operators in the employ of any parish school board on July 26, 1944, and who have served satisfactorily as school bus operators for more than three consecutive years and who shall be employed for the school term of 1944-45, are declared to be regular and permanent school bus operators in the employ of the school board of that parish,
“In order to acquire tenure under the provisions hereof, each school bus operator shall personally operate and drive the school bus he is employed to operate; no one shall acquire tenure in the operation of more than one school bus.”
This Court is of the opinion that the actual employment of plaintiff commenced on January 1, 1957, when he actually commenced the operation of the school bus. Since he was dismissed on July 16, 1959, the three-year period had not run at the time of his discharge he was not a tenured driver within the provisions of LSA-R.S. 17:492.
In his recommendation to the school board giving the reasons for dismissing the *799 plaintiff, Superintendent Shiels wrote the school hoard on July 16, 1959, in part as follows:
“In order to promote efficiency and harmony in the operation of this school bus and for the best interest of our educational system, I am recommending that the services of Mr. John Breland be terminated, effective this date, and for the following valid reasons:
“1. To promote efficiency and harmony in connection with this school bus route and among the school patrons affected.
“2. Failure to file in the School Board office a Certificate of Health as required by resolution of the Board. Said resolution to be filed annually. The only Certificate ever received from Mr. Breland was on January 7, 1957.
“3. Under present conditions to continue Mr. Breland in his position would cause more unrest, dissatisfaction, strife in the community and among the school patrons resulting in definite harm to the educational system and the general welfare of our schools.”
One of the reasons given by the School Board Superintendent for the dismissal of plaintiff was his failure to file in the school board office an annual certificate of health, as required by resolution of the board. On cross-examination Superintendent Shiels testified that plaintiff had filed the certificate when first employed and that his attention had not been called to filing annual certificates, and that as a general rule annual certificates had not been furnished by other school bus drivers in the parish. Several of the school bus drivers working for the defendant board testified that they had not filed annual certificates.
It is the opinion of this Court that this ground is not sufficient for the discharge of plaintiff.
Mr. Shiels, Parish Superintendent, and Mr. Bradford, the school board member from plaintiff’s ward, testified that the only specific matters of which they had any knowledge or of which they had any definite information concerning the other recommendations for discharge were'
1. The sudden application of brakes too quickly on one occasion.
2. Refusal to let J. R. Webb ride for two or three days.
3. Failure to pick up the children of Mrs. Hines on one occasion.
4. A complaint of a Mr. Corley.
The alleged incident of stopping the bus too quickly was explained by the Rev. Hardie C. Bingham. The Rev. Bingham determined that his children had made the complaints of having been thrown from their feet by the quick stopping of the bus on the one occasion, and upon investigating the matter, he found that there was no truth to the statement; that the children had made up the story because they were angry at plaintiff about some other matter.
As to the Hines incident, the record reveals that one of Mrs. Hines’ children was not ready when the school bus driven by plaintiff approached her residence. This Court is of the opinion that this is not a valid ground for dismissing plaintiff. If he were to stop and have to wait for children at each house on the school bus route, he could not possibly transport the children to school in time for their classes.
The principal of the Jena High School, Mr. J. D. Brooks, testified as to the charge based on the refusal to let J. B. Webb ride on the school bus for several days. He stated that the Webb boy had used bad language and had refused to conduct himself properly, and that the actions of plaintiff, as directed by the principal, proved correct and beneficial for when the Webb boy resumed riding on the bus, he did not cause any further trouble for that school session.
There was vague testimony by Franklin Corley that plaintiff wanted his boy to behave in a manner different from that *800 desired by his son. The complaints made by Corley occurred at the beginning of plaintiff’s employment for the school board. The complaints were general and vague. They are not sufficient in the opinion of this Court to justify dismissal of plaintiff.
The trial judge in his opinion and counsel for both parties have cited in their briefs the cases of Kilpatrick v. Ouachita Parish School Board, La.App., 91 So.2d 453 and Chantlin v. Acadia Parish School Board, La.App., 100 So.2d 908, 909. In the Kil-patrick case, supra, the district court held that the dismissal of plaintiff probationary school bus driver because he lived too far from the end of the bus route was not a valid reason for dismissing said plaintiff under the provisions of LSA-R.S. 17:492. This was affirmed by the Court of Appeal for the Second Circuit, re-hearing denied by the Court of Appeal, and writ of certio-rari denied by the Supreme Court.
In the Chantlin case, supra, the Superintendent of schools in his written recommendation to the school board for dismissal of plaintiff, a probationary bus driver stated:
“ ‘He has not proved to be a satisfactory bus driver and I recommend that he not be re-employed for the 1956-57 school session.
“ ‘Specifically, I charge him with neglect of duty for refusing to cooperate with the School Principal and school program by refusing to transfer the children to school for extracurricular activities, such as school plays, musical programs and similar activities that are beneficial to the welfare of the children of any school.’ ’’
The trial judge after hearing the case found that there were valid reasons for the termination of plaintiff’s employment as a probationary school bus driver. The Court found that the plaintiff failed to provide transportation to (a) the Christmas program and (b) the end of school program during the 1955-56 school year, despite the principal’s request that he do so. The ruling of the trial judge was affirmed by the Court of Appeal, First Circuit, rehearing was denied and writ of certiorari was denied by the Louisiana Supreme Court. The Court of Appeal stated that the school bus driver indicated “an uncooperative attitude, even in the probationary term, from which the school board may well have drawn a reasonable inference that the present plaintiff’s attitude was a departure from that desired which, as stated by his school principal, should be that ‘the driver is working for the school, the interest should be for the children.’ ”
This Court is well aware of the rule of law that the courts should not interfere with the functions of a public body exercising its discretion in matters within its province. However, in the case at bar, we have a positive pronouncement of the legislature on the subject, namely, LSA-R.S. 17:492, which states in substance that a probationary school bus driver cannot be discharged without a valid reason. All of the charges made against the plaintiff concerned incidents occurring a year or more prior to their being assigned as reasons for the plaintiff’s discharge, and they were proved by competent evidence on the trial of this case in the district court to be without substantial foundation in fact. This Court is of the opinion, therefore, that the reasons assigned for plaintiff’s discharge wore not valid reasons as required by LSA-R.S. 17:492.
For the reasons assigned, the judgment of the district court is reversed and vacated and judgment is hereby rendered in favor of plaintiff, John C. Breland, and against defendant, LaSalle Parish School Board, re-instating plaintiff to his job as bus operator and ordering defendant board to pay him the sum of $2,250 per school year, commencing August 31, 1959, and continuing during the period of his legal employment as a school bus driver of the *801 LaSalle Parish School Board, together with any statutory increases and any allowances for the actual use of his bus in the future to which he may be entitled by law.
Reversed and rendered.
On Application for Rehearing.
Rehearing denied, en Banc.