701 So.2d 1047 (1997)
Barbara HEINICK
v.
JEFFERSON PARISH SCHOOL BOARD.
No. 97-CA-579.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 1997.
*1048 Larry Samuel, New Orleans, for Appellant.
Michael G. Fanning, Gretna, for Appellee.
Before BOWES, DUFRESNE and WICKER, JJ.
WICKER, Judge.
Barbara Heinick, a tenured teacher in the Jefferson Parish School System, was dismissed on February 18, 1997. On March 17, 1997 Ms. Heinick filed a petition for writ of mandamus and for judicial review of her dismissal. She sought to compel the school board to reinstate her into active service and to provide her with pay retroactive to the date of her suspension. After a hearing on the application for mandamus, the trial court denied the writ on March 31, 1997. Plaintiff appeals. We reverse and remand.
Plaintiff contends that a tenured teacher is not considered discharged unless a majority of the elected school board members sustain the charges. At plaintiff's hearing only five of nine board members attended; three of those five voted to dismiss her. She contends, therefore, the board's action violated the law and cannot be upheld.
The facts are undisputed. Heinick began employment as a teacher with the Jefferson Parish School Board at the beginning of the 1990-1991 school year in an elementary school position. She taught continuously until two weeks prior to the end of the 1995-1996 school year, when the school superintendent issued a July 25, 1996 recommendation for discharge of Heinick.
Pursuant to La. R.S. 17:443 the school board conducted a hearing on January 21-22 and February 18, 1997. It is undisputed that there are nine elected members of the school board. Five elected members were present on the final day of the hearing. At the close of the hearing, three of the five members present voted to uphold the recommendation of dismissal; the other two members voted to reject it. The school board informed plaintiff that she was dismissed from employment.
La. R.S. 17:443 provides for removal of tenured teachers and their right to appeal. It states, in pertinent part:
A. A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty, or incompetency or dishonesty * * * and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher. * * *
B. If a permanent teacher is found guilty by a school board, after due and legal hearing as provided herein, on *1049 charges of willful neglect of duty, or of incompetency, or dishonesty * * * and ordered removed from office, or disciplined by the board, the superintendent with approval of the board shall furnish to the teacher a written statement of recommendation of removal or discipline, which shall include but not be limited to the exact reason(s), offense(s) or instance(s) upon which the recommendation is based. Such teacher may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. If the finding of the school board is reversed by the court and the teacher is ordered reinstated and restored to duty, the teacher shall be entitled to full pay for any loss of time or salary he or she may have sustained by reason of the action of the said school board.
There is no provision stating how many members of a school board must vote for a decision to remove a tenured teacher.
The provisions of the Teacher Tenure Law are liberally construed by Louisiana courts in favor of teachers, as they are its intended beneficiaries. Rousselle v. Plaquemines Parish School Bd., 93-1916 (La.2/28/94); 633 So.2d 1235, 1241. "Teacher Tenure Law provisions are for the benefit of the teacher, not the school boards." 633 So.2d at 1242.
No cases have been recorded which have decided the issue before us with regard to tenured teachers. Plaintiff relies, however, on a similar case regarding another classification of school employee. In Miller v. Rapides Parish School Board, 209 La. 877, 25 So.2d 623 (1946), the Louisiana Supreme Court considered a case involving a recommendation of discharge of a tenured bus operator. (The bus driver tenure law is identical in all pertinent respects to the teacher tenure law.)
At the Miller hearing a majority of the elected school board members present at the hearing voted for a dismissal, but that was not a majority of the elected members of the board. The supreme court held there was no lawful discharge, stating:
From a mere reading of these tenure acts, it is apparent that they were passed in the interest of the school bus operators to prevent their being discharged for grounds other than those set forth in the acts. Numerous safeguards are placed in the acts to protect their tenure. They cannot be discharged except in strict compliance with the provisions of the acts. The legislature carefully safeguarded their interests by providing that any action of the school board would not prevent them from having recourse to the courts.
Under the provisions of Act No. 100 of 1922, the school board has authority to make such rules and regulations for its government as it deems fit so long as they are not inconsistent with law or the regulations of the Louisiana State Board of Education. It is significant that in both of the tenure acts, there is inserted a clause to the effect that no provision of Act No. 100 of 1922 or any other act of the legislature is to be construed as giving the school board the authority to make rules and regulations which might impair or nullify the tenure acts.
Since the legislature has placed so many safeguards in Act No. 61 of 1942 and Act No. 185 of 1944 to protect the tenure of the bus operators and provided additionally that any rule made by the school board cannot be construed as to impair the effect of the acts, it is only reasonable to conclude that the legislature contemplated that such employees could not be discharged except by a majority vote of the members of the board and not by a majority vote of those present at a meeting of the board.
We realize that the school board may adopt a rule for its own government constituting a number less than its membership as a quorum, and that a majority of those present may act for the board. However, in view of the fact that the tenure acts were passed for the benefit of the bus operators and not for the benefit of the school board, the rules adopted for the government of the affairs of the school *1050 board cannot be given effect over the purpose of the tenure acts. If such were the case, a less number than a majority of the board could discharge a bus operator, and the provision that the rules of the board cannot be construed as impairing the tenure act would be meaningless. The legislature clearly intended that no rule or regulation of the school board could circumvent the provisions of the tenure acts of impair their effectiveness. In fact, the tenure acts were passed to prevent school boards from discharging bus operators except for designated causes. To hold that a number less than a majority of the members of the school board could discharge such employees would impair the effectiveness of these acts and violate their purpose. These acts having been passed in the interest of the bus operators, they must be construed liberally in their favor in order to carry out the legislative intent.
25 So.2d at 624-625.
Considering the similarity between La. R.S. 17:443 and 17:493, the reasoning employed by the supreme court in Miller applies here. A tenured teacher can be discharged only by a majority vote of the members of the school board, not by a majority vote of those present at a meeting of the board.
Attempting to rebut the Miller case, the School Board argues that this court is not obliged to abide by decisions of the state supreme court. Appellee points out that under the Louisiana's civil law system, courts follow the principle of jurisprudence constante rather than the stare decisis doctrine employed in common law systems.
In Louisiana, courts are not bound by the doctrine of Stare decisis, but there is a recognition in this State of the doctrine of Jurisprudence constante. Unlike Stare decisis, this latter doctrine does not contemplate adherence to a principle of law announced and applied on a single occasion in the past.
However, when, by repeated decisions in a long line of cases, a rule of law has been accepted and applied by the courts, these adjudications assume the dignity of Jurisprudence constante; and the rule of law upon which they are based is entitled to great weight in subsequent decisions.
Johnson v. St. Paul Mercury Ins. Co., 256 La. 289, 236 So.2d 216, 218 (1970).[1]
Nevertheless, where a question is not regulated by statute, the law is what the Louisiana Supreme Court has announced it to be. Johnson v. St. Paul Mercury Ins. Co., 256 La. 289, 236 So.2d 216, 217-218 (1970).
Several years ago the Louisiana Fourth Circuit Court of Appeal dealt with a case in which the only jurisprudence was a 94-year-old case which interpreted not the statute before the court, but another statute almost identical to it. The court concluded the old case was still applicable:
While it is unusual for a 94 year old case to be binding, it is just as unusual for a 94 year old case to be on point in an issue before this court. That we follow the Supreme Court's decision is especially compelling when that case is dealing with an identical issue and has not been overruled or modified in any manner over the years. Therefore, because the language of Act 124 is nearly identical to the language of La. R.S. 45:781(A), relied upon by the State in the instant case, this court is constrained to follow a Supreme Court decision interpreting that language, which is dispositive of the issue in this case.
State, Through Div. of Admin., State Land Office v. South Cent. Bell Telephone Co., 619 So.2d 749, 753 (La.App. 4 Cir.1993), writ denied, 625 So.2d 1037 (La.1993).
That case parallels the situation before us, in which the only jurisprudence is a 51-year-old case analyzing a statute nearly identical to the one in question. Like the fourth circuit, we conclude we are constrained to follow a supreme court decision dispositive of the issue before us.
The Board asserts the Miller case is merely "a previous interpretation of the statute *1051 subject to modern interpretation given the changing roles of education in society and subsequent statutes providing school boards with significant power over their employees, their finances and other important matters, requiring only a majority vote of a quorum of its members." We find no merit to the School Board's argument that we should ignore Miller as "a technicality enunciated over fifty years ago."
Accordingly, this court will follow the reasoning applied by the supreme court in the Miller case. It is the only available ruling on this issue and was made by a court we are constrained to follow. In the absence of a positive legislative pronouncement as to the proportion or number of school board members required to dismiss a tenured teacher, we conclude such dismissal must be by a majority of the all the members of the school board rather than a majority of the members present at the dismissal hearing.
For the foregoing reasons, the judgment of the district court is reversed. The vote of the Jefferson Parish School Board adopting the Superintendent's recommendation for dismissal of Barbara Heinick was invalid because it was not by a majority of the members of the School Board. The case is remanded and the trial court is ordered to issue a writ of mandamus as requested by plaintiff.
REVERSED AND REMANDED.
NOTES
[1] We note the Johnson decision was overruled on other grounds by Jagers v. Royal Indem. Co., 276 So.2d 309 (La.1973). That ruling did not affect the court's statements in Johnson concerning stare decisis and jurisprudence constante.